FILED

FEB - 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES FEDERAL DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph P. Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37922
865-300-5831

V

U.S. Merit Systems Protection Board (MSPB)
1615 M. St., NW
Washington, DC 20419

Related Federal District Court now pending at this court docket no.

06-CV-1833, 1834, Judge Friedman

Date: January 20, 2007

FOIA SUIT, PER 5 USC 552(a)(4)(B)

CASE NUMBER 1:07CV00261
JUDGE: Paul L. Friedman
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 02/2/2007

Date: January 20, 2007

Comes the petitioner, who is pro se in this action and respectfully says as follows:

Per 5 USC 552(a)(4)(B), plaintiff files an FOIA suit seeking relief from defendant's failure to comply with its statutory obligations to provide information to petitioner per 5 USC 552(b).

Petitioner, by law, is entitled to make FOIA requests of MSPB and MSPB,



1

by law, has specific obligations to respond.

**THIS COURT'S JURISDICTION OVER THIS COMPLAINT**

1. 5 USC 552(a)(4)(B) makes clear this Court has jurisdiction over this claim.

**RELIEF SOUGHT**

2. Plaintiff contends the U.S. Merit Systems Protection Board (MSPB) fails to meet its statutory obligations to respond to his FOIA request and appeal (Exhibit 1 and 3) with its response to his request (exhibit 2) and appeal (exhibit 4). Petitioner has exhausted his administrative remedy in these FOIA requests and appeal, per 5 USC 552(a)(6)(C), so he brings this matter to the Court. He simply wants MSPB to inform him in which of its Anunal Reports made to the President and Congress, per 5 USC 1206, or which of its special studies, conducted per 5 USC 1204(a)(3), and/or anywhere else, it has made its statutory required report, to the President and Congress, "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected."

3. If it has not made its required report, since 1989, when the current law was created, plaintiff desires MSPB to plainly report that. Plaintiff has reviewed the reports cited by MSPB, as others, and been unable to find any evidence that it has made its statutory required report of 5 USC 1204(a)(3), since

1989.

4. Plaintiff agrees that MSPB has made reports about any number of aspects of the merit system principles of the civil service since 1989, which it is authorized to do, but he has been unable to find any evidence of its making its specifically required report.

5. He thinks the response of MSPB to his FOIA appeal is unresponsive. If the Chairman of the MSPB cannot or will not report "whether the public interest in a civil service free of PPPs is being adequately protected," or reference any MSPB report where that report is made, plaintiff hopes this Court will direct MSPB make its statutory required report, provide a reference to where it has been made, and/or state that it is unable or unwilling to make the report.

6. Plaintiff requests, if the Court rule in his favor, that it make a written finding to the Special Counsel, per 5 USC 552(a)(4)(F), "that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding."

Respectfully Submitted,

Joseph P. Carson, P.E., Plaintiff

FOIA Request

December 1, 2006

Mr. Bernard Parker, FOIA Officer
MSPB
bernard.parker@mspb.gov

Re: FOIA request

Dear Mr. Parker,

Per FOIA, I request information related to the Board's compliance with 5 USC 1204(a)(3) which requires the Board to "report to the President and to the Congress as to whether the public interest in a civil service free of prohibited personnel practices (PPP's) is being adequately protected;"

I desire whatever information the Board has related to its compliance with this responsibility, but to be more specific, I particularly desire information relevant to the following:

1. Any Board reports that specifically report "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected;"

2. Any Board generated information that discuss the Office of Special Counsel (OSC) and/or how its compliance with its statutory obligations to protect federal employees from PPP's, per 5 USC 1214, is relevant to this statutory required Board report.

3. Any evidence that the Board has conducted any oversight or review of OSC's compliance with 5 USC 1214, 1218, or 1219 as part of its making its statutory required report "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected;"

4. If the Board has conducted oversight of OSC's compliance with its statutory obligations to protect federal employees from PPP's, any information related to the scope of such oversight and the results of it.

5. Any information about concerns that have been raised to the Board, by Board employees or others, that it is not properly complying with its statutory obligation to report "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected;" and any Board actions taken as a result.

07 0261

6. Any information about any criteria developed by the Board to evaluate "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected;"

Ex 1-1

FILED
FEB - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

7. Any information about any Board policy that specifically addresses how the Board is to determine and report "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected;"

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

1-2

U.S. Merit Systems Protection Board
Office of the Clerk of the Board
1615 M Street, NW
Washington, DC 20419
Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: MSPB.gov

**Clerk of the Board**

December 4, 2006

Mr. Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, Tennessee 37934

Dear Mr. Carson:

This is in response to your e-mailed Freedom of Information Act submission received in this office on December 1, 2006. You ask for information related to the Board's compliance with 5 USC 1204(a)(3) that requires the Board to report to the President and to the Congress as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected.

The statute you cite is one of the Board's major missions. This mission primarily is performed by the Board's Office of Policy and Evaluation. A list of the special reports and studies produced by this office is available from the Board's website. The address is http://www.mspb.gov/studies/mspbstudiespage.html. For your information, a copy of the archive of report is enclosed.

Many of these reports, since 1994, are available from the website. For the earlier reports, over the next couple of years, MSPB hopes to complete its collection of reports in an electronic format. In the meantime, reports not currently available electronically may be requested from the Office of Policy and Evaluation by writing to the office or by e-mail to STUDIES@mspb.gov.

To receive advance notice of published reports and other activities of the Office of Policy and Evaluation, You might also wish to subscribe to the MSPB Studies ListServ. A link to do so is available on the MSPB Studies page identified in paragraph 2 above.

Sincerely,

Arlin Winefordner
Privacy Officer

07 0261

Enclosure:

FILED
FEB - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex 2-1

# U.S. MERIT SYSTEMS PROTECTION BOARD

Home About Decisions Studies Contact Us

## OFFICE OF POLICY AND EVALUATION

### *Issues of Merit*
**newsletters**

- Sept 2006 [PDF] [HTML]
- July 2006 [PDF] [HTML]
- May 2006 [PDF] [HTML]
- January 2006 [PDF] [HTML]
- Sept 2005 [PDF] [HTML]
- June 2005 [PDF] [HTML]
- April 2005 [PDF] [HTML]
- January 2005 [PDF] [HTML]
- September 2004 [PDF] [HTML]
- Summer 2004 [PDF] [HTML]
- June 2004 [PDF] [HTML]
- February 2004 [PDF] [HTML]
- September 2003 [PDF] [HTML]
- July 2003 [PDF] [HTML]
- February 2003 [PDF] [HTML]
- September 2002 [PDF] [HTML]
- April 2002 [PDF] [HTML]
- January 2002 [PDF] [HTML]
- November 2001 [PDF] [HTML]
- August 2001 [PDF] [HTML]
- May 2001 [PDF] [HTML]
- February 2001 [PDF] [HTML]
- October 1999
- June 1999
- April 1999 [PDF] [HTML]
- October 1998
- July 1998
- May 1998
- February 1998
- November 1997
- August 1997
- April 1997
- December 1996
- August 1996
- April 1996
- December 2000
- September 2000
- June 2000
- April 2000
- December 1999

### ARCHIVE OF REPORTS -- AVAILABLE ON-LINE

Ex 2-2

## 2004

- *Managing Federal Recruitment: Issues, Insights, and Illustrations,* (September 2004) [HTML or PDF]
- *Identifying Talent through Technology -- Automated Hiring Systems in Federal Agencies,* August 2004 [HTML] [PDF]
- *Customer Satisfaction Survey Results: The Readers' Voice,* September 2004 [HTML] [PDF]
- *What's On the Minds of Federal Human Capital Stakeholders?* May 2004 [HTML or PDF]

## 2003

- *The Federal Workforce for the 21st Century: Results of the Merit Principles Survey 2000* (November 2003) [HTML or PDF]
- *Help Wanted: A Review of Federal Vacancy Announcements* (April 2003) [HTML or PDF]
- *The Federal Selection Interview: Unrealized Potential* (February 2003) [HTML or PDF]

## 2002

- *Making the Public Service Work -- Recommendations for Change* (September 2002) [HTML or PDF]
- *Assessing Federal Job Seekers in a Delegated Examining Environment* (February 2002) [PDF or HTML]
- *The Federal Merit Promotion Program: Process vs. Outcome* (February 2002) [PDF or HTML]

## 2001

- *The U.S. Office of Personnel Management in Retrospect -- Achievements and Challenges After Two Decades* (January 2001) [PDF, or [HTML]
- *Growing Leaders: The Presidential Management Intern Program* (August 2001) (PDF, or HTML)

## 2000

- "Competing for Federal Jobs: Job Experiences of New Hires." (February)
- "Restoring Merit to Federal Hiring: Why Two Special Hiring Programs Should Be Ended" (January)

## 1999

- "The Role of Delegated Examining Units: Hiring New Employees in a Decentralized Civil Service" (August)
- "Federal Supervisors and Poor Performers" -- the second in a series which looks at human resources issues in the Federal government (July)



- "Office of Policy and Evaluation "Customer Survey" (June) PDF or Word6.0

**1998**

- "Civil Service Evaluation: The Evolving Role of the U.S. Office of Personnel Management" (July)
- "Federal Supervisors and Strategic Human Resources Management" (June)
- "The Changing Federal Workplace: Employee Perspectives" (March)

**1997**

- "Adherence to the Merit Principles in the Workplace: Federal Employees' Views" (September)
- "Achieving a Representative Federal Workforce: Addressing the Barriers to Hispanic Participation" (September)

**1996**

- "Fair and Equitable Treatment: A Progress Report on Minority Employment in the Federal Government" (August)

**1995**

- "The Rule of Three in Federal Hiring: Boon or Bane?" (December)
- "Sexual Harassment in the Federal Workplace -- Trends, Progress, Continuing Challenges (October) [HTML] [PDF}"
- "Removing Poor Performers in the Federal Service: An Issue Paper" (September)
- "Leadership for Change: Human Resource Development in the Federal Government" (July)

**1994**

- "Temporary Federal Employment: In Search of Flexibility and Fairness" (September)
- "Working for America: An Update" (July)
- "Entering Professional Positions in the Federal Government" (April)

**Earlier Reports -- Available on request by writing to 1615 M Street, NW., Washington, DC 20419 or by Telephone: (202) 653-8900, Toll-Free (800) 209-8960, V/TDD (800) 877-8339, FAX (202) 653-7211, E-Mail:**

(2-4)

**STUDIES@mspb.gov**

**1993** "Evolving Workforce Demographics: Federal Agency Action and Reaction" (December

"Whistleblowing in the Federal Government: An Update" (October)

"The Changing Face of the Federal Workforce: A Symposium on Diversity" (September)

"Federal Personnel Offices: Time For Change?" (August)

**1992** "Federal Personnel Research Programs and Demonstration Projects: Catalysts for Change" (December)

"Federal Bule-Collar Employees: A workforce in Transition" (December)

"Civil Service Evaluation: The Role of the U.S. Office of Personnel Management" (November)

"A Question of Equity: Women and the Glass Ceiling in the Federal Government" (October)

"Federal Workforce Quality: Measurement and Improvement." The final report of an interagency committee focusing on Federal workforce quality. (August)

"Workforce Quality and Federal Procurement: An Assessment" (July)

"Federal First-Line Supervisors: How Good Are They?" (March)

"To Meet the Needs of the Nations: Staffing the U.S. Civil Service and the Public Service of Canada" (January)

**1991** "Balancing Work Responsibilities and Family Needs: The Federal Civil Service Response" (November)

"The Title 38 Personnel System in the Department of Veterans Affairs: An Alternate Approach" (April)

**1990** "Senior Executive Service Pay Setting and Reassignments: Expectations vs. Reality" (October)

"Working for America: A Federal Employee Survey" (June)

"Why are Employees Leaving the Federal Government? Results of an Exit Survey" (May)

"Attracting and Selecting Quality Applicants for Federal Employment" (April)

**1989** "OPM's Classification and Qualification Systems: A Renewed Emphasis, A Changing Perspective" (November)

"Federal Personnel Management Since Civil Service Reform: A Survey of Federal Personnel Officials (November)

"The Senior Executive Service: Views of Former Federal Executives" (October)

"Delegation and Decentralization: Personnel Management Simplification Efforts In The Federal Government" (October)



Case 1:07-cv-00261-PLF Document 1-2 Filed 02/02/2007 Page 8 of 13

"A Report on the Conference on Workforce Quality Assessment" (September)

"Who is Leaving the Federal Government? An Analysis of Employee Turnover" (August)

"TVA and the Merit Principles" (August)

"U.S. Office of Personnel Management and the Merit System: A Retrospective Assessment" (June)

"First-Line Supervisory Selection in the Federal Government" (June)

**1988** "Sexual Harassment in the Federal Government: An Update" (June)

"Toward Effective Performance Management in the Federal Government" (June)

"Attracting Quality Graduates to the Federal Government: A view of College Recruiting" (June)

"Federal Personnel Policies and Prectices: Perspectives from the Workplace" (April)

**1987** "Performance Management and Recognition System: Linking Pay to Performance" (December)

"Expnaded Quthority for Temporary Appointments: A Look at Merit Issues" (December)

"Working for the Federal Government: Job Satisfaction and Federal Employees" (October)

"Reduction in Force: The Evolving Ground Rules" (September)

"In Search of Merit: Hiring Entry-Level Federal Employees" (September)

**1986** "Report of the Significant Action of the Office of Personnel Management During FY 1984-1985" (May)

"Getting Involved: Improving Federal Management with Employee Participation" (May)

**1984** "The 1984 Report on the Senior Executive Service" (December)

"Report on the Significant Actions of the Office of Personnel Management During FY 1983" (December)

"Blowing the Whistle in the Federal Government: A comparative Analysis of 1980 and 1983 Survey Findings" (October)

"Significant Actions of the Office of Personnel Management: A Labor-Management Dialog" (August)

**1983** "The RIF System in the Federal Government: Is It Working and What Can be Done to Improve It" (December)

"Report on the Significant Actions of the Office of Personnel Management During FY 1982" (December)

"Reduction-in-Force in the Federal Government: What Happened and Opportunities for Improvement" (June)

2-6

**1982** "Report on the Significant Actions of the Office of Personnel Management During FY 1981" (December)

"The Elusive Bottom Line: Productivity in the Federal Workforce" (May)

"The Other Side of the Merit Coin: Removals for Incompetence in the Federal Service" (February)

"Breaking Trust: Prohibited Personnel Practices in the Federal Service" (February)

**1981** "Whistleblowing and the Federal Employee: Blowing the Whistle on Fraud, Waste, and Mismanagement" (October)

"A Report on the Senior Executive Service" (September)

"Status Report on Performance Appraisal and Merit Pay Among Mid-Level Employees" (June)

"Report on the Significant action of the Office of Personnel Management During FY 1980" (June)

"Do Federal Employees Face Reprisal for Reporting Fraud, Waste, or Mismanagement?" (April)

"Sexual Harassment in the Federal Workplace: Is it a Problem?" (March)



# FOIA APPEAL

December 9, 2006

Mr. Neil McPhie, Chairman
U.S. MSPB
1615 M St., NW
Fifth Floor
Washington, DC 20419

Re: FOIA Appeal

Dear MSPB Chairman McPhie,

I present an appeal of the December 4, 2006 response to my December 1, 2006 FOIA request about the Board's compliance with its statutory duty, per 5 USC 1204(a)(3) to "report to the President and the Congress as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected."

Bottom line, none of the reports cited in the response to my FOIA request make the statutory required report. Neither were the other specific questions for information in my FOIA request addressed.

If you disagree, I respectfully request your response to this FOIA appeal specifically state your opinion "as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected," and your basis for so stating.

My opinion is that you, as everyone else at MSPB, are unable to objectively state "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected," despite MSPB's claims to be the "chief protector of the Federal merit systems" (according to page 1 of the MSPB's FY 2005 Annual Report, made per 5 USC 1206). MSPB has not and does not do the reviews necessary of OSC, EEOC, federal employee unions, its special studies, its case records, its surveys, and other sources of information, available to it per 5 USC 1204(e)(3), to objectively make such a report.

I suggest my situation, in which I have prevailed no fewer than 8 separate time at MSPB since 1994 in PPP related decisions (detailed at <http://www.carsonversusdoe.com>), despite OSC not determining once, not in over 20 PPP complaints filed with it, that "there are reasonable grounds to believe a PPP occurred," demonstrates this public interest is not adequately protected. This is particularly so as my "whistleblowing" was about specific and substantial dangers to public health and safety, related to my work as a nuclear safety engineer in the Department of Energy, including the safeguards and security of America's nuclear stockpile.

FILED
FEB - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



Ex 13-7

07 0261

I have documented OSC (and its attorneys) systemic and persistent lawbreaking failure to protect those who seek its protection from PPP's in eye-glazing detail at <http://whsknox.blogs.com/osc/>. Neither you nor others at MSPB can say you any longer do not know about my concerns and their basis in fact and law.

I suggest the path forward is for you, as Chairman of MSPB, to notify the President and the Congress, per 5 USC 1204(a)(3), that MSPB has not complied with this statutory obligation and is, at this point, unable to objectively report "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected." I suggest you inform the President and the Congress that MSPB is now conducting the reviews necessary to make such a report and when the report will be made.

Respectfully,

Joseph Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831
jpcarson@tds.net

Enclosures:

My FOIA request of December 1, 2006

The Board's response of December 4, 2006

copy: MSPB Inspector General; Administrative Judge Cummings



# U.S. MERIT SYSTEMS PROTECTION BOARD

Office of the Chairman
1615 M Street, NW
Washington, DC 20419-0002

Chairman

JAN 17 2007

Joseph Carson
10953 Twin Harbour Dr.
Knoxville, TN 37934

Dear Mr. Carson:

I received your Freedom of Information Act (FOIA) appeal dated December 9, 2006, on December 18, 2006. This letter addresses your appeal.

In your December 1, 2006 letter to the Clerk of the Merit Systems Protection Board, you requested information regarding the Board's activities under 5 U.S.C. § 1204(a)(3). That provision authorizes the Board to conduct special studies of the civil service and other merit systems and "report to the President and to the Congress as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected." The Clerk of the Board responded to your request by providing you the World Wide Web address for the Board's Office of Policy and Evaluation's list of special reports and studies. The Clerk also provided you a copy of the list of reports.

In your appeal to me, you complain that "none of the reports cited in the response to [your] FOIA request" meet the statutory requirement that the Board report on whether "the public interest in a civil service free of prohibited personnel practices is being adequately protected." You also state that the Clerk of the Board did not address all of the specific requests for information in your December 1, 2006 FOIA request. You then ask that I state my opinion as to "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected."

07 0261

The purpose of the FOIA is to allow public access to existing government information. The Act does not require government agencies to render opinions or to provide explanatory information. Accordingly, there is no basis in the FOIA for your request that I provide my opinion regarding "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected."

FILED

FEB - 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

As the Clerk of the Board informed you, the Board has conducted numerous special studies on the state of the civil service. Those special studies each address an

Ex 4-1

important aspect of whether the public interest in a merit based civil service is being protected. As noted above, you were informed how to obtain copies of those studies. I have reviewed your FOIA request and agree with the Clerk of the Board that the provided material is responsive to your request. There are no other Board records responsive to your request.

This is the Board's final decision in this FOIA appeal. You have the right to seek judicial review of this decision in an appropriate United States District Court pursuant to 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Neil A. G. McPhie

4-2

07-261 PLF

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** Joseph Carson

**DEFENDANTS** U.S. Merit Systems Protection Board

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**
Knox County, TN

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ________
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro Se n/p

ATTO

CASE NUMBER 1:07CV00261
JUDGE: Paul L. Friedman
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 02/2/2007

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP**
FOR PLAINTIFF AND

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. *Antitrust***

- ☐ 410 Antitrust

**☐ B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. *Administrative Agency Review***

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil***

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☒ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552(a)(4)(B)

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 **DEMAND $** Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☒ YES ☐ NO If yes, please complete related case form.

DATE 2-2-07 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.