UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH P. CARSON,                          )
                                           )
        Plaintiff                          )
                                           )   Civil Action No: 07-0261 (PLF)
        v.                                 )
US MERIT SYSTEMS PROTECTION BOARD,)
                                           )
        Defendant                          )
                                           )
                                           )
_____  )

**RECEIVED**

FEB 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO WITHDRAW MOTION TO IMMEDIATELY CHANGE VENUE FOR CASE

Plaintiff respectfully motions to withdraw his previous motion, requesting

a change in venue. He now has 5 separate cases pending, in 3 different federal

courts in Washington, DC, about aspects of U.S. Office of Special Counsel

(OSC's) and Merit Systems Protection Board (MSPB's) noncompliance with their

statutory duties to protect federal employees from prohibited personnel practices

(PPPs).

His goal in this case is to obtain an admission from MSPB or a

determination by the Court that it cannot produce records demonstrating

compliance with its statutory obligation to conduct the necessary studies and

reviews of OSC, EEOC, and other agencies' procedures and records in order to

make its statutory obligation determination and report, to the President and

1

Congress, "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected."

The plaintiff intends to use such a determination or admission for the purpose of spurring Congressional oversight and reform of the deeply broken system of protecting federal employees from PPPs, so they can do their jobs faithfully in protecting the public health, safety, and welfare - without realistically fearing for their jobs and careers.

The scope and implementation of legal ethics is also deeply implicated in this entire matter - it was attorneys at OSC and MSPB that both failed to comply with their "doubly sworn" duty as attorneys and federal employees to ensure: 1) laws they were responsible to implement were complied with, and/or 2) "blow whistles" about their non-compliance. It appears the "Model Rules of Professional Conduct" of the American Bar Association do not adequately address the situation that applies here - in which a licensed attorney is directly responsible for the execution of specific statutory obligations in a government agency (or other employer). Instead, they appear to focus on only on situations in which the attorney's responsibility is to represent others who hold direct responsibilities to implement law.

Two of the three Presidentially nominated and Senate confirmed members

of the MSPB are licensed attorneys.  Plaintiff hopes this case results their (with

their non-attorney colleague) being terminated, for cause, by the President and

also disciplined by their legal profession for professional misconduct in not: 1)

ensuring MSPB's compliance with law they were responsible to implement, and/or

2) "blowing whistles" about MSPB's persistent non-compliance with its statutory

duty.

This Court has been dealing with plaintiff for three years in five separate

cases now - it knows his history and motivations in this matter, and it knows the

larger context of this FOIA case.  Plaintiff realizes how limited federal judicial

resources are and thinks keeping the case in this Court is a better use of them.

Therefore, even though the other four cases (docket nos. 04-315, 05-537,

06-1833, and 06-1834) may not be directly related to this one, had MSPB

complied with its statutory duty, there would be no need for this case - there would

be a public record of MSPB's making its statutory required report and nothing to

FOIA.  In that case, when doing the necessary reviews of OSC, MSPB would have

identified its systemic and persistence failure to comply with its statutory duties to

protect federal employees from PPP's, noted it in its report, and spurred its

correction.

Such action by MSPB would have obviated all these cases, as well as a

3

related one now pending in U.S. Court of Appeals for the Federal Circuit, docket

no. 07-3134. It would have resulted in the correction of the workplace culture in

the Department of Energy, years ago, meaning the plaintiff would have filed few,

if any, of the over 20 PPP complaints plaintiff has filed with OSC since 1992, and,

in all probability, every case he has filed with MSPB.

The plaintiff has now served the summonses for this case on the parties.

Respectfully Submitted,

Joseph P. Carson, P.E., Plaintiff
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831