# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH CARSON,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0261 (PLF) |
| | ) |
| **U. S. MERIT SYSTEMS PROTECTION BOARD,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, by undersigned counsel, respectfully moves the Court, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing plaintiff's claims in this

action on the ground that the Court lacks subject jurisdiction over plaintiff's claims, or in the

alternative, pursuant to Fed. R. Civ. P. 56, for an order granting defendant summary judgment on

the ground that no genuine issue of material fact exists and defendant is entitled to judgment as a

matter of law.[1]  In support of this motion, the Court is respectfully referred to the accompanying

---

[1]  Plaintiff should take notice that any factual assertions contained in the documents in
support of this motion will be accepted by the Court as true unless the plaintiff submits his own
affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v.
Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which
provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set
> forth such facts as would be admissible in evidence, and shall show affirmatively that
> the affiant is competent to testify to the matters stated therein.  Sworn or certified
> copies of all papers or parts thereof referred to in an affidavit shall be attached thereto
> or served therewith.  The court may permit affidavits to be supplemented or opposed
> by depositions, answers to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule, an adverse party
> may not rest upon the mere allegations or denials of the adverse party's pleading, but
> the adverse party's response, by affidavits or as otherwise provided in this rule, must
> set forth specific facts showing that there is a genuine issue for trial.  If the adverse

Memorandum of Points and Authorities, Declaration of Arlin Winefordner, and Attached

Exhibits.  A proposed Order consistent with this motion is also attached.

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

---

party does not so respond, summary judgment, if appropriate, shall be entered against
the adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH CARSON,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0261 (PLF) |
| | ) |
| **U. S. MERIT SYSTEMS PROTECTION BOARD,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### INTRODUCTION

Federal defendant, U.S. Merit Systems Protection Board ("MSPB"or the "Board"), moves to dismiss this suit, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Pursuant to the Freedom of Information Act ("FOIA")[1], plaintiff has requested documents related to the MSPB's compliance with 5 U.S.C. §1204(a)(3).[2]  As set forth in the accompanying Declaration of Arlin Winefordner, defendant has electronically produced to the plaintiff all responsive documents in its files.  Because the plaintiff now requests an opinion or explanatory information from defendant, this action should be dismissed or, alternatively, summary judgment should be granted in favor of the defendant.

---

[1]  See 5 U.S.C. § 552.

[2]  § 1204. Powers and Functions of the Merit Systems Protection Board
(a)(3) " The Merit Systems Protection Board shall conduct, from time to time, special studies relating to the civil service and to other merit systems in the executive branch, and report to the President and to the Congress as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected."

5 U.S.C. § 1204(a)(3).

STATEMENT OF FACTS

On December 1, 2006, Plaintiff filed a request under FOIA for "whatever information the Board has" related to the MSPB's compliance with 5 U.S.C. § 1204(a)(3).  Winefordner Decl., ¶2, Exhibit A, Second Introductory ¶.  Defendant identified the documents responsive to plaintiff's request and, in a letter dated December 4, 2006, provided the plaintiff with 1) a list of each of the responsive documents, 2) electronic links to the responsive documents that were prepared after 1994, which are publicly available, and 3) information on how plaintiff could obtain archived responsive documents on the list that might be unavailable electronically because they were created prior to 1994.  Winefordner Decl., ¶ 5.  Plaintiff responded by filing an administrative appeal on December 9, 2006, indicating that the information that was produced does not contain the information that plaintiff is searching for, and requesting that the Chairman of the MSPB "specifically state your opinion 'as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected.'"  Exhibit C, ¶ 3.  In a letter dated January 17, 2007, the MSPB responded that, under FOIA, a federal agency is not required to render opinions or provide explanatory information, and informed plaintiff of his right to seek judicial review of the decision on his FOIA request.  Winefordner Decl., Exhibit D.  On February 2, 2007, plaintiff filed this Complaint.

## I.    Defendant Has Fulfilled It's FOIA Obligations to Plaintiff

Because the documents responsive to plaintiff's request are publicly available electronically, defendant has fulfilled its obligation to produce the documents to plaintiff.  See Schwarz v. United States Patent & Trademark Office, No. 95-5349, 1996 U.S. App. LEXIS 4609, at **2-3 (D.C. Cir. Feb. 22, 1996) (per curiam); Crews v. Internal Revenue, No. 99-8388, 2000 WL 900800, at *6 (C.D. Cal. Apr. 26, 2000) (holding that "documents that are publicly

2

available either in the [agency's FOIA] reading room or on the [I]nternet" are "not subject to production via FOIA requests").  Defendant has no further obligation to provide plaintiff with an opinion or explanation or otherwise answer questions concerning the responsive documents. Patton v. United States R.R. Ret. Bd., No. ST-C-91-04, slip op. at 3 (W.D.N.C. Apr. 26, 1991) (stating that the FOIA "provides a means for access to existing documents and is not a way to interrogate an agency"), aff'd, 940 F.2d 652 (4th Cir. 1991) (unpublished table decision). Though plaintiff is apparently dissatisfied with the language, style, or substance of the responsive documents, plaintiff's dissatisfaction does not entitle him to use the FOIA as an "enforcement mechanism" to compel the MSPB to perform its mission in the manner that plaintiff subjectively believes is appropriate.  See, e.g., Poll v. United States Office of Special Counsel, No. 99-4021, 2000 WL 14422, at *5 n.2 (10th Cir. Jan. 10, 2000) (recognizing that the FOIA does not require an agency "'to create documents or opinions in response to an individual's request for information'" (quoting Hudgins v. IRS, 620 F. Supp. 19, 21 (D.D.C. 1985)).

## II.    The Court Should Dismiss the Complaint for Mootness

As the party bringing suit, plaintiff bears the burden of establishing the Court's subject matter jurisdiction over this case.  Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990).  In meeting this burden, the plaintiff must overcome the presumption that the Court lacks jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); SEC v. Medical Comm. for Human Rights, 404 U.S. 403, 407 (1972).  An action is no longer a live controversy when an agency has provided all documents responsive to a FOIA request.  See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir.

1987).   When all documents have been released, federal courts have no authority over a FOIA

action and the complaint must be dismissed as moot.  <u>Webb v. Dep't. of Health & Human Servs.</u>,

696 F.2d 101, 107-108 (D.C. Cir. 1982).

    In a FOIA action, the courts have jurisdiction only when an agency has improperly

withheld agency records.  5 U.S.C. § 552(a)(4)(B).  "[I]t is well established that under the FOIA,

'once the records are produced the substance of the controversy disappears and becomes moot,

since disclosure which the suit seeks has already been made.'"  <u>Trueblood</u> v. <u>U.S. Dept. of</u>

<u>Treasury</u>, 943 F. Supp. 64, 67 (D.D.C. 1996) (<u>quoting</u> <u>Crooker</u> v. <u>United States State Dept.</u>, 628

F.2d 9, 10 (D.C. Cir. 1980)); <u>see also</u> <u>Perry</u> v. <u>Block</u>, 684 F.2d 121, 125 (D.C. Cir. 1982).

Likewise, because all responsive documents to the underlying FOIA request have been identified

to the plaintiff, this suit should be dismissed as moot because there is not a justiciable case or

controversy.  <u>See</u> <u>Lepelletier v. FDIC</u>, 23 Fed. Appx. 4, 6 (D.C. Cir. 2001) (refusing to consider

case further because plaintiff "received all − indeed more than − the relief he initially sought . . .

[c]onsequently, his appeal is moot ..."); <u>Matter of Wade</u>, 969 F.2d 241, 248 (7th Cir. 1992) ("In

FOIA cases, mootness occurs when requested documents have already been produced.").  Here,

plaintiff does not argue that defendant is withholding documents; instead, plaintiff argues that he

believes the documents he is searching for do not exist.  Comp. ¶ 4.  Therefore, because all

responsive records have been released to plaintiff, this case is now moot and should be

dismissed.  <u>See</u> Winefordner Decl., ¶ 5.


**CONCLUSION**

    Defendant has produced  all documents responsive to plaintiff's initial FOIA request.  As

all documents responsive to plaintiff's FOIA request have been released, this case no longer

presents a live controversy.  Accordingly, defendant moves to dismiss the complaint as moot or,

alternatively, moves for summary judgment, on the ground that no genuine issue of material fact

exists and defendant is entitled to judgment as a matter of law.

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSEPH CARSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0261 (PLF) |
| | ) |
| U. S. MERIT SYSTEMS PROTECTION BOARD, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE DISPUTE**

Defendant submits the following statement of material facts as to which there is no genuine dispute:

1.  In a Freedom of Information Act ("FOIA") request received by the MSPB on December 1, 2006, plaintiff requested "whatever information the Board has" related to the MSPB's compliance with 5 U.S.C. § 1204(a)(3). Winefordner Decl., ¶2, Exhibit A, Second Introductory ¶.

2.  The MSPB has searched the files likely to have documents responsive to plaintiff's FOIA request, identified the documents responsive to plaintiff's request and, in a letter dated December 4, 2006, provided the plaintiff with 1) a list of each of the responsive documents, 2) electronic links to the responsive documents that were prepared after 1994, which are publicly available, and 3) information on how plaintiff could obtain archived responsive documents on the list that might be unavailable electronically because they were created prior to 1994. Winefordner Decl., ¶ 5.

3.  Plaintiff responded by filing an administrative appeal on December 9, 2006, indicating that the information that was produced does not contain the information that plaintiff is searching

for, and requesting that the Chairman of the MSPB "specifically state your opinion 'as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected.'" Exhibit C, ¶ 3.

4.  In a letter dated January 17, 2007, the MSPB responded that, under FOIA, a federal agency is not required to render opinions or provide explanatory information, and informed plaintiff of his right to seek judicial review of the decision on his FOIA request. Winefordner Decl., Exhibit D.

5.  On February 2, 2007, plaintiff filed this Complaint.

Respectfully  submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOSEPH CARSON,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0261 (PLF) |
| | ) |
| **U. S. MERIT SYSTEMS PROTECTION BOARD,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Defendant's Motion To Dismiss Or, In The

Alternative, For Summary Judgment, Supporting Memorandum, Statement of Material Facts,

Declaration of Arlin Winefordner, and Proposed Order, has been made by mailing copies thereof,

first class postage prepaid, addressed to:

**JOSEPH CARSON**
10953 Twin Harbour Drive
Knoxville, TN 37922


on this 27th day of March, 2007.

                                                        /s Sherease Louis
                                                    SHEREASE LOUIS
                                                    Special Assistant United States Attorney
                                                    United States Attorney's Office
                                                    Civil Division
                                                    555 4th Street, N.W.,
                                                    Washington, D.C. 20530
                                                    (202) 307-0895

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH CARSON,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil  Action  No. 07-0261 (PLF) |
| | ) |
| **U. S. MERIT SYSTEMS PROTECTION BOARD,** | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

UPON CONSIDERATION of Defendant's Motion to Dismiss, or, alternatively for

Summary Judgment, plaintiff's Opposition thereto, if any, and the entire record herein, it is on

this _____day of _____ , 2007,

ORDERED, that the said motion should be and hereby is granted; and it is

FURTHER ORDERED that plaintiff's complaint be and hereby is dismissed.


_____                    _____
DATE                                    PAUL L. FRIEDMAN
                                        UNITED STATES DISTRICT JUDGE


<u>Copies of this order to:</u>
JOSEPH P CARSON
10953 Twin Harbour Drive
Knoxville, TN 37922

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOSEPH CARSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-0261 (PLF) |
| v. | ) | |
| | ) | |
| | ) | |
| **U. S. MERIT SYSTEMS** | ) | |
| **PROTECTION BOARD,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF ARLIN WINEFORDNER

(1) I am Arlin Winefordner and I have served as the FOIA and Privacy Act Officer in the Office of the Clerk of the Merit Systems Protection Board ("MSPB" or the "Board") since March 2003. Prior to serving as the FOIA and Privacy Act Officer, from October 1999 to March 2003, I served as a Program Management Specialist (Disclosure) in the Office of the Clerk of the Board. My duties included research and writing initial responses to Freedom of Information and Privacy Act inquiries. Earlier in my service history with the MSPB, between February 1979 and February 1983, I served as the Administrative Assistant to the Director of the Office of Merit Systems Review and Studies, the predecessor office to the Board's current Office of Policy and Evaluation.

(2) As part of my official duties, I reviewed the December 1, 2006 Freedom of Information Act request filed by Joe Carson, attached as "Exhibit A," in which Mr. Carson requested information related to the Board's compliance with 5 U.S.C. § 1204(a)(3) in which he requested information related to the Board's compliance with 5 U.S.C. § 1204(a)(3).

(3) Based on my experience with the MSPB and the fact that the Board is a small agency of only about 225 employees, I was aware that the Board's Office of Policy and Evaluation conducts studies and prepares reports pursuant to the authority granted the Board by 5 U.S.C. § 1204(a)(3). I was also aware that no other office within the agency conducts studies and produces reports pursuant to 5 U.S.C. § 1204(a)(3). Accordingly, I concluded that the reports prepared by the Office of Policy and Evaluation would be the only documents responsive to Mr. Carson's request. I continue to believe that to be the case.

(4) I prepared a response to Mr. Carson's request and that response was mailed to Mr. Carson on December 4, 2006. The letter is attached as "Exhibit B" to this Declaration.

(5) In my written response to Mr. Carson, I informed him that the function set forth in 5 U.S.C. § 1204(a)(3) is one of the Board's major missions and that the Office of Policy Evaluation is primarily responsible for carrying out that mission. My response also informed Mr. Carson that a list of the reports prepared by the Office of Policy and Evaluation is available on the Board's website and I provided Mr. Carson with the electronic links to the website address. My letter further informed Mr. Carson that many of the reports prepared since 1994 are available from the website. I also provided Mr. Carson with a list of the archived reports, dating back to 1981, and informed him that reports prepared prior to 1994, that are not currently available electronically, may be requested directly from the Office of Policy and Evaluation by regular or electronic mail.

(6) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Arlin Winefordner

March 26, 2007
Date

FOIA Request

December 1, 2006

Mr. Bernard Parker, FOIA Officer
MSPB
bernard.parker@mspb.gov

Re: FOIA request

Dear Mr. Parker,

Per FOIA, I request information related to the Board's compliance with 5 USC 1204(a)(3) which requires the Board to "report to the President and to the Congress as to whether the public interest in a civil service free of prohibited personnel practices (PPP's) is being adequately protected;"

I desire whatever information the Board has related to its compliance with this responsibility, but to be more specific, I particularly desire information relevant to the following:

1.    Any Board reports that specifically report "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected;"

2.    Any Board generated information that discuss the Office of Special Counsel (OSC) and/or how its compliance with its statutory obligations to protect federal employees from PPP's, per 5 USC 1214, is relevant to this statutory required Board report.

3.    Any evidence that the Board has conducted any oversight or review of OSC's compliance with 5 USC 1214, 1218, or 1219 as part of its making its statutory required report "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected;"

4.    If the Board has conducted oversight of OSC's compliance with its statutory obligations to protect federal employees from PPP's, any information related to the scope of such oversight and the results of it.

5.    Any information about concerns that have been raised to the Board, by Board employees or others, that it is not properly complying with its statutory obligation to report "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected;" and any Board actions taken as a result.

6.    Any information about any criteria developed by the Board to evaluate "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected;"

7.    Any information about any Board policy that specifically addresses how the Board is to
      determine and report "whether the public interest in a civil service free of prohibited
      personnel practices is being adequately protected;"

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

/-2

# U.S. Merit Systems Protection Board

Office of the Clerk of the Board
1615 M Street, NW
Washington, DC 20419
Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: MSPB.gov

## Clerk of the Board

December 4, 2006

Mr. Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, Tennessee 37934

Dear Mr. Carson:

This is in response to your e-mailed Freedom of Information Act submission received in this office on December 1, 2006. You ask for information related to the Board's compliance with 5 USC 1204(a)(3) that requires the Board to report to the President and to the Congress as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected.

The statute you cite is one of the Board's major missions. This mission primarily is performed by the Board's Office of Policy and Evaluation. A list of the special reports and studies produced by this office is available from the Board's website. The address is http://www.mspb.gov/studies/mspbstudiespage.html. For your information, a copy of the archive of report is enclosed.

Many of these reports, since 1994, are available from the website. For the earlier reports, over the next couple of years, MSPB hopes to complete its collection of reports in an electronic format. In the meantime, reports not currently available electronically may be requested from the Office of Policy and Evaluation by writing to the office or by e-mail to STUDIES@mspb.gov.

To receive advance notice of published reports and other activities of the Office of Policy and Evaluation, You might also wish to subscribe to the MSPB Studies ListServ. A link to do so is available on the MSPB Studies page identified in paragraph 2 above.

Sincerely,

Arlin Winefordner
Privacy Officer

Enclosure:

http://www.mspb.gov/studies/studies_archive.htr.

chiveofreports

ffice of Policy a.    Jaluation -- Archives

12/7/2006 10:03 AM

# U.S. MERIT SYSTEMS PROTECTION BOARD

## OFFICE OF POLICY AND EVALUATION

### *Issues of Merit*
newsletters

- Sept 2006 [PDF] [HTML]
- July 2006 [PDF] [HTML]
- May 2006 [PDF] [HTML]
- January 2006 [PDF] [HTML]
- Sept 2005 [PDF] [HTML]
- June 2005 [PDF] [HTML]
- April 2005 [PDF] [HTML]
- January 2005 [PDF] [HTML]
- September 2004 [PDF] [HTML]
- Summer 2004 [PDF] [HTML]
- June 2004 [PDF] [HTML]
- February 2004 [PDF] [HTML]
- September 2003 [PDF] [HTML]
- July 2003 [PDF] [HTML]
- February 2003 [PDF] [HTML]

- September 2002 [PDF] [HTML]
- April 2002 [PDF] [HTML]
- January 2002 [PDF] [HTML]
- November 2001 [PDF] [HTML]
- August 2001 [PDF] [HTML]
- May 2001 [PDF] [HTML]
- February 2001 [PDF] [HTML]
- October 1999
- June 1999
- April 1999 [PDF] [HTML]
- October 1998
- July 1998
- May 1998
- February 1998
- November 1997

- August 1997
- April 1997
- December 1996
- August 1996
- April 1996
- December 2000
- September 2000
- June 2000
- April 2000
- December 1999

## ARCHIVE OF REPORTS -- AVAILABLE ON-LINE

2-2

ice of Policy an.  )aluation -- Archives          http://www.mspb.gov/studies/studies_archive.htm          )chiveofreports

12/~/2006 10:03 AM

**2004**

- *Managing Federal Recruitment: Issues, Insights, and Illustrations,* (September 2004) [HTML or PDF]
- *Identifying Talent through Technology -- Automated Hiring Systems in Federal Agencies,* August 2004 [HTML] [PDF]
- *Customer Satisfaction Survey Results: The Readers' Voice,* September 2004 [HTML] [PDF]
- *What's On the Minds of Federal Human Capital Stakeholders?* May 2004 [HTML or PDF]

**2003**

- *The Federal Workforce for the 21st Century: Results of the Merit Principles Survey 2000* (November 2003) [HTML or PDF]
- *Help Wanted: A Review of Federal Vacancy Announcements* (April 2003) [HTML or PDF]
- *The Federal Selection Interview: Unrealized Potential* (February 2003) [HTML or PDF]

**2002**

- *Making the Public Service Work -- Recommendations for Change* (September 2002) [HTML or PDF]
- *Assessing Federal Job Seekers in a Delegated Examining Environment* (February 2002) [PDF or HTML]
- *The Federal Merit Promotion Program: Process vs. Outcome* (February 2002) [PDF or HTML]

**2001**

- *The U.S. Office of Personnel Management in Retrospect -- Achievements and Challenges After Two Decades* (January 2001) [PDF, or [HTML]
- *Growing Leaders: The Presidential Management Intern Program* (August 2001) (PDF, or HTML)

**2000**

- "Competing for Federal Jobs: Job Experiences of New Hires." (February)
- "Restoring Merit to Federal Hiring: Why Two Special Hiring Programs Should Be Ended" (January)

**1999**

- "The Role of Delegated Examining Units: Hiring New Employees in a Decentralized Civil Service" (August)
- "Federal Supervisors and Poor Performers" -- the second in a series which looks at human resources issues in the Federal government (July)

2-3

Office of Policy and Evaluation -- Archives

- "Office of Policy and Evaluation "Customer Survey" (June) PDF or Word6.0

## 1998

- "Civil Service Evaluation: The Evolving Role of the U.S. Office of Personnel Management" (July)
- "Federal Supervisors and Strategic Human Resources Management" (June)
- "The Changing Federal Workplace: Employee Perspectives" (March)

## 1997

- "Adherence to the Merit Principles in the Workplace: Federal Employees' Views" (September)
- "Achieving a Representative Federal Workforce: Addressing the Barriers to Hispanic Participation" (September)

## 1996

- "Fair and Equitable Treatment: A Progress Report on Minority Employment in the Federal Government" (August)

## 1995

- "The Rule of Three in Federal Hiring: Boon or Bane?" (December)
- "Sexual Harassment in the Federal Workplace -- Trends, Progress, Continuing Challenges (October) [HTML] [PDF]"
- "Removing Poor Performers in the Federal Service: An Issue Paper" (September)
- "Leadership for Change: Human Resource Development in the Federal Government" (July)

## 1994

- "Temporary Federal Employment: In Search of Flexibility and Fairness" (September)
- "Working for America: An Update" (July)
- "Entering Professional Positions in the Federal Government" (April)

**Earlier Reports -- Available on request by writing to 1615 M Street, NW, Washington, DC 20419 or by Telephone: (202) 653-8900, Toll-Free (800) 209-8960, V/TDD (800) 877-8339, FAX (202) 653-7211, E-Mail:**

2-4

fice of Policy ar    )aluation -- Archives    )chiveofreports    12 r/2006 10:03 AM

## STUDIES@mspb.gov

**1993** "Evolving Workforce Demographics: Federal Agency Action and Reaction" (December

"Whistleblowing In the Federal Government: An Update" (October)

"The Changing Face of the Federal Workforce: A Symposium on Diversity" (September)

"Federal Personnel Offices: Time For Change?" (August)

**1992** "Federal Personnel Research Programs and Demonstration Projects: Catalysts for Change" (December)

"Federal Bule-Collar Employees: A workforce In Transition" (December)

"Civil Service Evaluation: The Role of the U.S. Office of Personnel Management" (November)

"A Question of Equity: Women and the Glass Ceiling in the Federal Government" (October)

"Federal Workforce Quality: Measurement and Improvement." The final report of an interagency committee focusing on Federal workforce quality. (August)

"Workforce Quality and Federal Procurement: An Assessment" (July)

"Federal First-Line Supervisors: How Good Are They?" (March)

"To Meet the Needs of the Nations: Staffing the U.S. Civil Service and the Public Service of Canada" (January)

**1991** "Balancing Work Responsibilities and Family Needs: The Federal Civil Service Response" (November)

"The Title 38 Personnel System in the Department of Veterans Affairs: An Alternate Approach" (April)

**1990** "Senior Executive Service Pay Setting and Reassignments: Expectations vs. Reality" (October)

"Working for America: A Federal Employee Survey" (June)

"Why are Employees Leaving the Federal Government? Results of an Exit Survey" (May)

"Attracting and Selecting Quality Applicants for Federal Employment" (April)

**1989** "OPM's Classification and Qualification Systems: A Renewed Emphasis, A Changing Perspective" (November)

"Federal Personnel Management Since Civil Service Reform: A Survey of Federal Personnel Officials (November)

"The Senior Executive Service: Views of Former Federal Executives" (October)

"Delegation and Decentralization: Personnel Management Simplification Efforts In The Federal Government" (October)

"A Report on the Conference on Workforce Quality Assessment" (September)

"Who is Leaving the Federal Government? An Analysis of Employee Turnover" (August)

"TVA and the Merit Principles" (August)

"U.S. Office of Personnel Management and the Merit System: A Retrospective Assessment" (June)

"First-Line Supervisory Selection in the Federal Government" (June)

**1988**   "Sexual Harassment in the Federal Government: An Update" (June)

"Toward Effective Performance Management in the Federal Government" (June)

"Attracting Quality Graduates to the Federal Government: A View of College Recruiting" (June)

"Federal Personnel Policies and Practices: Perspectives from the Workplace" (April)

**1987**   "Performance Management and Recognition System: Linking Pay to Performance" (December)

"Expanded Quthority for Temporary Appointments: A Look at Merit Issues" (December)

"Working for the Federal Government: Job Satisfaction and Federal Employees" (October)

"Reduction in Force: The Evolving Ground Rules" (September)

"In Search of Merit: Hiring Entry-Level Federal Employees" (September)

**1986**   "Report of the Significant Action of the Office of Personnel Management During FY 1984-1985" (May)

"Getting Involved: Improving Federal Management with Employee Participation" (May)

**1984**   "The 1984 Report on the Senior Executive Service" (December)

"Report on the Significant Actions of the Office of Personnel Management During FY 1983" (December)

"Blowing the Whistle in the Federal Government: A comparative Analysis of 1980 and 1983 Survey Findings" (October)

"Significant Actions of the Office of Personnel Management: A Labor-Management Dialog" (August)

**1983**   "The RIF System in the Federal Government: Is It Working and What Can be Done to Improve It" (December)

"Report on the Significant Actions of the Office of Personnel Management During FY 1982" (December)

"Reduction-In-Force in the Federal Government: What Happened and Opportunities for Improvement" (June)

2-6

**1982**   "Report on the Significant Actions of the Office of Personnel Management During FY 1981" (December)

"The Elusive Bottom Line: Productivity in the Federal Workforce" (May)

"The Other Side of the Merit Coin: Removals for Incompetence in the Federal Service" (February)

"Breaking Trust: Prohibited Personnel Practices in the Federal Service" (February)

**1981**   "Whistleblowing and the Federal Employee: Blowing the Whistle on Fraud, Waste, and Mismanagement" (October)

"A Report on the Senior Executive Service" (September)

"Status Report on Performance Appraisal and Merit Pay Among Mid-Level Employees" (June)

"Report on the Significant action of the Office of Personnel Management During FY 1980" (June)

"Do Federal Employees Face Reprisal for Reporting Fraud, Waste, or Mismanagement?" (April)

"Sexual Harassment in the Federal Workplace: Is it a Problem?" (March)

$2-7$

# FOIA APPEAL

December 9, 2006

Mr. Neil McPhie, Chairman
U.S. MSPB
1615 M St., NW
Fifth Floor
Washington, DC 20419

Re: FOIA Appeal

Dear MSPB Chairman McPhie,

I present an appeal of the December 4, 2006 response to my December 1, 2006 FOIA request about the Board's compliance with its statutory duty, per 5 USC 1204(a)(3) to "report to the President and the Congress as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected."

Bottom line, none of the reports cited in the response to my FOIA request make the statutory required report. Neither were the other specific questions for information in my FOIA request addressed.

If you disagree, I respectfully request your response to this FOIA appeal specifically state your opinion "as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected," and your basis for so stating.

My opinion is that you, as everyone else at MSPB, are unable to objectively state "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected," despite MSPB's claims to be the "chief protector of the Federal merit systems" (according to page 1 of the MSPB's FY 2005 Annual Report, made per 5 USC 1206). MSPB has not and does not do the reviews necessary of OSC, EEOC, federal employee unions, its special studies, its case records, its surveys, and other sources of information, available to it per 5 USC 1204(e)(3), to objectively make such a report.

I suggest my situation, in which I have prevailed no fewer than 8 separate time at MSPB since 1994 in PPP related decisions (detailed at <http://www.carsonversusdoe.com>), despite OSC not determining once, not in over 20 PPP complaints filed with it, that "there are reasonable grounds to believe a PPP occurred," demonstrates this public interest is not adequately protected. This is particularly so as my "whistleblowing" was about specific and substantial dangers to public health and safety, related to my work as a nuclear safety engineer in the Department of Energy, including the safeguards and security of America's nuclear stockpile.

1

3-7

I have documented OSC (and its attorneys) systemic and persistent lawbreaking failure to protect those who seek its protection from PPP's in eye-glazing detail at <http://whsknox.blogs.com/osc/>.  Neither you nor others at MSPB can say you any longer do not know about my concerns and their basis in fact and law.

I suggest the path forward is for you, as Chairman of MSPB, to notify the President and the Congress, per 5 USC 1204(a)(3), that MSPB has not complied with this statutory obligation and is, at this point, unable to objectively report "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected."  I suggest you inform the President and the Congress that MSPB is now conducting the reviews necessary to make such a report and when the report will be made.

Respectfully,

Joseph Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831
jpcarson@tds.net

Enclosures:

My FOIA request of December 1, 2006

The Board's response of December 4, 2006

copy: MSPB Inspector General; Administrative Judge Cummings

3-2



# U.S. MERIT SYSTEMS PROTECTION BOARD

**Office of the Chairman**
1615 M Street, NW
Washington, DC 20419-0002

**Chairman**

**JAN 17 2007**

Joseph Carson
10953 Twin Harbour Dr.
Knoxville, TN 37934

Dear Mr. Carson:

I received your Freedom of Information Act (FOIA) appeal dated December 9, 2006, on December 18, 2006. This letter addresses your appeal.

In your December 1, 2006 letter to the Clerk of the Merit Systems Protection Board, you requested information regarding the Board's activities under 5 U.S.C. § 1204(a)(3). That provision authorizes the Board to conduct special studies of the civil service and other merit systems and "report to the President and to the Congress as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected." The Clerk of the Board responded to your request by providing you the World Wide Web address for the Board's Office of Policy and Evaluation's list of special reports and studies. The Clerk also provided you a copy of the list of reports.

In your appeal to me, you complain that "none of the reports cited in the response to [your] FOIA request" meet the statutory requirement that the Board report on whether "the public interest in a civil service free of prohibited personnel practices is being adequately protected." You also state that the Clerk of the Board did not address all of the specific requests for information in your December 1, 2006 FOIA request. You then ask that I state my opinion as to "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected."

The purpose of the FOIA is to allow public access to existing government information. The Act does not require government agencies to render opinions or to provide explanatory information. Accordingly, there is no basis in the FOIA for your request that I provide my opinion regarding "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected."

As the Clerk of the Board informed you, the Board has conducted numerous special studies on the state of the civil service. Those special studies each address an

4-1

important aspect of whether the public interest in a merit based civil service is being protected. As noted above, you were informed how to obtain copies of those studies. I have reviewed your FOIA request and agree with the Clerk of the Board that the provided material is responsive to your request. There are no other Board records responsive to your request.

This is the Board's final decision in this FOIA appeal. You have the right to seek judicial review of this decision in an appropriate United States District Court pursuant to 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Neil A. G. McPhie