UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH P. CARSON, )
)
   Plaintiff )
)
v. ) Civil Action No: 07-0261 (PLF)
)
U.S. MERIT SYSTEMS PROTECTION BOARD )
)
   Defendant )
)
)
_____ )

## MOTION TO JOIN CASES WITH DOCKET NO. 07-0445

Comes the petitioner, who is pro se in this action, and respectfully says as follows:

He understands the Court is obligated to "read the pleadings of a pro se plaintiff liberally and interpret them to 'raise the strongest arguments they suggest,'" See McPherson v. Coombe, 174 F.3d 276, 280 (2nd Cir. 1999), quoting Burgos v. Hopkins 14 F.3d 787, 790 (2d Cir. 1994). He perceives the legal issue presented in this case may be novel - whether a Court can direct an agency, via a FOIA action, writ of mandamus, or other remedy, to prepare and publish information when that information is required by statute to be disseminated in publicly available reports made to the President and/or the Congress.

Petitioner requests this case be joined and/or consolidated to the pending case, Carson v. Merit Systems Protection Board, docket no. 07-445, if deemed

1

RECEIVED
APR - 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

appropriate, as it seeks, via a petition for writ of mandamus, the same remedy - that Mr. Carson obtain information the law requires MSPB publicly report - specifically "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected," to the President and the Congress.

Respectfully Submitted,

Joseph P. Carson, P.E., pro se
10953 Twin Harbour Drive
Knoxville, TN 37934
863-300-5831

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH P. CARSON,           )
                            )
    Plaintiff               )
                            )
                            )   Civil Action No: 07-0261 (PLF)
    v.                      )
U.S. MERIT SYSTEMS PROTECTION BOARD )
                            )
    Defendant               )
                            )
                            )
_____ )

## STATEMENT OF MATERIAL FACTS AND LEGAL ARGUMENT AS TO WHICH THERE IS NO GENUINE DISPUTE

Plaintiff submits the following statement of material facts and legal argument to which there is no genuine dispute:

1. The law at 5 USC 1204(a)(3) and (e)(3) authorized and obligates MSPB to conduct inquiries and obtain additional records from Office of Special Counsel and other agencies as may be necessary to determine "whether the public interest in a civil service free of prohibited personnel practices is being adequately protected."

2. Office of Special Counsel is the federal agency uniquely charged to "protect federal employees from prohibited personnel practices (PPPs)" (see 5 USC 1212(a) and 1214(a)).

3. If OSC is not complying with its statutory obligations and Congressional

1

intent to protect federal employees from PPPs, "the public interest in a civil service free of PPPs is NOT being adequately protected."

4. MSPB has not conducted the necessary inquiries of OSC, based on a review of the titles of its Special Studies, to determine OSC's compliance with its statutory obligations to protect federal employees from PPPs.

5. Therefore MSPB cannot determine "whether the public interest in a civil service free of PPPs is being adequately protected."

6. Consistent with that inability, MSPB has not reported "whether the public interest in a civil service free of PPPs is being adequately protected."

7. The only reason Mr. Carson needs to make a FOIA request for this information is the same reason MSPB cannot provide it - because MSPB has failed to comply with its statutory obligation to determine and publicly report it.

Respectfully Submitted,

Joseph P. Carson, P.E., pro se
10953 Twin Harbour Drive
Knoxville, TN 37934
863-300-5831

2