UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH CARSON,

      Plaintiff,

v.

UNITED STATES MERIT SYSTEMS
    PROTECTION BOARD,

      Defendant.

Civil Action No. 07-0261 (PLF)

MEMORANDUM OPINION

      Pro se plaintiff Joseph Carson brings this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the United States Merit Systems Protection Board ("MSPB" or the "Board"). This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment ("Mot."), and plaintiff's opposition thereto ("Opp."). For the following reasons, the Court will grant defendant's motion and will dismiss the complaint.

I. BACKGROUND

      Defendant submitted the following statement of material facts as to which there is no genuine dispute:

> 1. In a Freedom of Information Act ("FOIA") request received by the MSPB on December 1, 2006, plaintiff requested "whatever information the Board has" related to the MSPB's compliance with

>5 U.S.C. § 1204(a)(3). Winefordner Decl., ¶2, Exhibit A, Second Introductory ¶.[1]
>
>2. The MSPB has searched the files likely to have documents responsive to plaintiff's FOIA request, identified the documents responsive to plaintiff's request and, in a letter dated December 4, 2006, provided the plaintiff with 1) a list of each of the responsive documents, 2) electronic links to the responsive documents that were prepared after 1994, which are publicly available, and 3) information on how plaintiff could obtain archived responsive documents on the list that might be unavailable electronically because they were created prior to 1994.  Winefordner Decl., ¶ 5.
>
>3. Plaintiff responded by filing an administrative appeal on December 9, 2006, indicating that the information that was produced does not contain the information that plaintiff is searching for, and requesting that the Chairman of the MSPB "specifically state your opinion 'as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected.'"  Exhibit C, ¶ 3.
>
>4. In a letter dated January 17, 2007, the MSPB responded that, under FOIA, a federal agency is not required to render opinions or provide explanatory information, and informed plaintiff of his right to seek judicial review of the decision on his FOIA request. Winefordner Decl., Exhibit D.

Defendant's Statement of Material Facts (footnote added).

Although the Court is going to dismiss plaintiff's complaint rather than grant judgment for the defendant, the Court will nevertheless rely for convenience's sake on defendant's statement of material facts, which are undisputed.

---

[1]     5 U.S.C. § 1203(a)(3) provides that the MSPB shall "conduct, from time to time, special studies relating to the civil service and to other merit systems in the executive branch, and report to the President and to the Congress as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected[.]"

II.  DISCUSSION

Defendant argues that this case should be dismissed because an "action is no longer a live controversy when an agency has provided all documents responsive to a FOIA request." Mot. at 3.  Defendant is correct.  A district court should dismiss claims brought under the FOIA once the requested nonexempt material has been released.  See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) ("As we have noted, 'however fitful or delayed the release of information under the FOIA may be . . . if we are convinced appellees have . . . released all nonexempt material, we have no further judicial function to perform under the FOIA.'") (quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir.1982)); see also Long v. Dep't of Justice, 450 F. Supp. 2d 42, 61 (D.D.C. 2006) (same).  Accordingly, the Court will dismiss plaintiff's complaint because defendant has not withheld any records or documents from plaintiff.

Plaintiff's argument in this case is not that defendant has failed to produce existing documents to him, but rather that the documents that he wants to examine do not exist.  See Opp. at 1-2 ("Based on a review of the titles of its Special Studies since 1989, MSPB has failed to [report to the President and the Congress under 5 U.S.C. § 1204(a)(3)] – none describe a review of the Office of Special Counsels compliance with its singular statutory obligations to protect federal employees from prohibited personnel practices . . . . The reason Mr. Carson needs to make this FOIA request – MSPB's failure to comply with the law in publicly reporting the information he seeks – is the same reason MSPB cannot provide it.").  Such an argument does not state a claim under the FOIA.  Alternatively, plaintiff's appeal from the response to his FOIA

3

request is moot in light of the fact that all the responsive documents that exist are public documents. Accordingly, the Court will grant defendant's motion to dismiss or, in the alternative, for summary judgment and will dismiss plaintiff's complaint. An Order consistent with this Memorandum Opinion will be issued this same day.

        SO ORDERED.


                              _____/s/_____
                              PAUL L. FRIEDMAN
                              United States District Judge

DATE: February 19, 2008